Good morning, Your Honor. May it please the Court, my name is Carol Pope and I represent Mark Wangsness and I would like to reserve five minutes for rebuttal. In this case, we have three issues, the first being whether there the Homeowners Bill of Rights in Nevada applies to this case under the facts. The second issue has to do with whether there was a duty owed by Wells Fargo to Mr. Wangsness, the borrower, a duty of due care and once they agreed to analyze or accept a loan modification. And the third issue is whether there was a breach of the Covenant of Good Faith and Fair Dealing under the deed of trust. And with respect to the first issue, the District Court found that the Homeowners Bill of There was a notice of default back in 2008. There is a footnote that the Homeowners Bill of Rights only applies to those notices of default in October 1st, beginning October 1st of 2013. However, it's our position that it was error to find that. Why? That was the effective date of the act. That was the effective date of the act. However, well, it would apply to a notice of default that it would have to be a notice of default after 2013. What I should say is that it doesn't require that a notice of default actually have to be filed in order to trigger responsibilities under the Homeowners Bill of Rights. And the reason for that is if you look at NRS 107.5001D, it requires the lender take certain actions before it can even file a notice of default, such as giving the homeowner information as to what the default is, information as to the rights to obtain a loan modification or say a short sale or that type of a thing. And however, the opportunity to bring an injunction to stop the process is based upon any of these, breaching any of these requirements. And so therefore, you should be able to bring an action to enjoin moving forward, such as even filing the notice of default, if they breached it and breached the Homeowners Bill of Rights, or in this case, for example, failing to respond to the last appeal, which was required under NRS 107.5306. The bank never responded to that appeal, and that is actually a breach of the Homeowners Bill of Rights. And therefore, Mr. Wanksa should be able to bring an action for that violation and should be able to enjoin any further filing of a notice of default because that would stop expenses that he would incur. And that is why we believe that the district court erred in finding that a notice of default actually had to be applied or actually had to be recorded. As to the second issue . . . create a clause of action if there has been a notice of default entered that didn't comply with these protections? I mean, you could always say, well, I think they may file a notice of default, so I'm going to file an action under the Homeowners Bill of Rights, and I don't think that would be an infinite number of I do not believe so, Your Honor, because there are certain requirements before they can even file a notice of default. And if they breach and they don't meet those requirements before . . . like, if there is a breach of the requirement, as in this case of responding to an appeal, Mr. Wanksa should have the ability to bring an injunction. Otherwise, the bank will sit there and not record a notice of default. That has occurred in many instances where a bank will sit for years, and yet loan modifications are actually submitted because they do start sending out information to homeowners. And they are required to send that out before they even record a notice of default. So that's why violations can occur before a notice of default is even recorded. And as in this case, actually, where the bank really didn't record a new notice of default, which in order to be moving it forward, Mr. Wanksa would be sitting there, and there are other breaches that we bring up, which is the negligence cause of action and the breach of the covenant of good faith. He'd end up having to bring multiple causes of action because the time frame for bringing the negligence action would have expired. But, Counsel, how do you get around the fact that the Homeowner Bill of Rights was not intended to be retroactive? Or do you disagree with that? I do not, Your Honor. It was not intended to be retroactive. However, in this case, the notice of default that is recorded was back in 2008. Since that time, first of all, Mr. Wanksa has brought his loan current, and then secondly, entered into a loan modification. So while that's sitting on of record there, it is no longer a notice of default that the bank can proceed under. Are you saying that Wells Fargo is being strategic about not bringing another notice of default so they wouldn't fall under the act? Or I'm not sure what you're saying. I'm not saying they're being strategic in not bringing one. At some point, they're going to have to bring, and they're going to have to record a new notice of default. Well, so why wouldn't it be prudent at that point to address the issue of whether or not the Homeowner's Bill of Rights applies, rather than trying to fit this circumstance into the Homeowner's Bill of Rights? Because, Your Honor, we had to bring the negligence. I'm sorry. You had to bring the claim. Why? The claim for negligence was going to expire. Exactly. And so we had to bring that, and therefore, we brought the other claim for negligence. So I'm still not getting your argument. If you agree that the Homeowner's Bill of Rights was not intended to apply retroactively, I'm not getting your argument as to why, nevertheless, the Homeowner's Bill of Rights applies in this case. Because there isn't a requirement that a notice of default actually be of record. If you look at where the injunctive relief can come, it doesn't say that there is. It states that an action for injunction can be brought to enforce the entire requirements under the Homeowner's Bill of Rights. You're saying that the missteps they took after passage of this Act bring them within the purview of the Act. Yes, Your Honor. Okay. That is what I'm stating, and therefore, that is why he should have the right to be able to bring an action to require that they... Comply with the law. Yeah, comply with the law and respond to the appeal, and prevent them from even going forward to actually record the new notice of default and basically get their attention to do what they're supposed to do. So your argument is a matter of statutory interpretation? Correct, Your Honor. And you were not representing the Petitioner at the trial level, or were... I was, Your Honor. You were. Okay. Yes, yes. Because I didn't see Judge Dew reference that at all in her ruling, this argument that... For some reason, it was not being understood. She was focusing basically on the fact that there was a notice of default filed and recorded in 2008, and I could not move her beyond that, quite frankly. She's a strong-willed person. Yes. She had her view, and so, therefore, that is where we ended up. And then as far as the negligent action, basically our position on that is that when... There's a general rule that there is no duty. However, that doesn't preclude the fact from, in certain instances such as here, when there is a loan modification application, that there is some duty, that they actually use due care in evaluating that, use due care in the advice that they give the homeowners when they're trying to obtain that modification. And so the case law that's in Nevada regarding due care doesn't have any facts that are similar to the one... But is your position that because there is a relationship between them, there's a duty of care? You're not arguing that if somebody off the street mails in a loan application that they have some duty of due care? No, I'm not, Your Honor. It is because there is a relationship already, and actually the case that I think really explains it the best is Alvarez case in California that really goes through the factors and the reasons why there should be some sort of a duty of due care that the bank has to the homeowners in this case. But we're under Nevada law, and Nevada law appears not to recognize a duty of care in the traditional lender-borrower relationship. What's your response to those cases? I would say that in general, that is the rule. However, just as in general, that's the rule even in California, they haven't gotten to a case where you have these kind of facts, where it's really been brought under a loan modification has been accepted. And so therefore, I think that really hasn't been considered. So it's your view that once a loan modification has been accepted, the lender has stepped outside the traditional lender-borrower relationship? I don't think that's really what the case law is as far as stepping outside of the traditional. I think that in that context, there has been found that there is some kind of a due care that is owed when there is a loan modification. I mean . . . In what case? You're relying on the Alvarez case? I am relying on the Alvarez case. But no Nevada case? There is no Nevada, and we really haven't gotten to that type of a case. Can you straighten me out on what was at issue in the state court proceedings? Can you straighten me out on what was litigated in the state court proceedings? Sure. Basically, they filed a motion to dismiss for failure. So what were the claims that were brought? Oh, in the foreclosure mediation? Yeah. Oh, that is strictly a petition for judicial review in a foreclosure mediation action. It's a very, very limited review. So what were the issues? The issue was just whether there was good faith on this part of the bank in that foreclosure mediation. Which touched on whether they misquoted the value of the house and income of your client, right? Yeah. We did go through those facts, and yes, that was discussed. But that was really not what the purpose of that proceeding is, is really whether the bank complied in good faith or not. Whether it was the purpose or not, it was litigated and decided against your client and not appealed, right? That's correct. It was not appealed. Does it have any preclusive effect? I do not believe so, Your Honor, because it was not dealing with the failure to respond to the appeal. It was not dealing with the Homeowner's Bill of Rights. It was not dealing with the duties that were owed under the deed of trust to follow Nevada law. I wanted to save a little time, yeah. Good morning, Your Honors. May it please the Court. My name is Kelly Dove, and I represent Wells Fargo. In this appeal, I'll start with the Homeowner's Bill of Rights issue. I believe it is clear from the legislative history and notes and the perspective effect of the Homeowner's Bill of Rights. This is that this law affects foreclosure actions that start on October 1st, 2013 and forward. And while I understand the point that opposing counsel is making, I think it's based on a mistaken interpretation that the Homeowner's Bill of Rights is some untethered, free-floating rights that homeowners might have to seek a loan modification. When in contrast, it lays out protections for homeowners, procedures that must be followed in order for a lender to proceed with foreclosure. So it is true that a lender is not supposed to record a notice of default until it has given the homeowner a certain notice 30 days in advance of that notice of default. But that doesn't mean that there's a claim that can be brought any time, even before a lender takes any action toward foreclosure. Because it's aimed at protecting against foreclosure, which is the step after the notice of default? Correct. It's aimed at protecting against foreclosure where the proper steps haven't been taken. And so if you read the Act as a whole, it lays out steps that it goes through and what the purposes are. It tries to give the homeowner a notice 30 days in advance with certain information that has to be included. And the lender is not allowed to record a notice of default until it does that. So for instance, if a lender records a notice of default without providing that notice, then a homeowner may be able to come forward and say, hold on, you recorded a notice of default without giving me this notice and now I'm moving for injunctive relief to stop these proceedings until we correct this. What is the status of this mortgage now? Because Mr. Wangsness has sought loan modifications and this has been in litigation first through the foreclosure mediation program, which decision came out in, I believe, June 2017. And later that same month, he filed this litigation. It has just been stayed for that duration. So it has not proceeded. No. Not since 2016 is my best understanding. And he's still residing in the property? That's correct. I'm sure opposing counsel will correct me if I'm wrong, but that is my current understanding of the state of affairs. So in 2017, the petition for judicial review is denied, as your honors are aware. And then what progresses beyond the notice of default is they have to be assigned a single point of contact. There's all these protections at issue. But when you even look at how the remedies function in this act, it makes sense that it has to be tethered to a foreclosure proceeding. Because if you bring an action before a sale, you can bring an action for an injunctive relief to enjoin the foreclosure proceedings pending corrective action. And then the proceedings can start anew and the injunction is dissolved once correction is made. If you bring suit after the sale, then you're entitled to damages if there was incorrect action taken during the pendency of the foreclosure. And none of that really makes sense in a sort of way that's not tethered to some sort of foreclosure proceedings. We do agree that the only notice of default at issue currently is 2008. Because of the lengthy loan modification, followed by the lengthy litigation in this matter, Wells Fargo has not yet restarted any kind of foreclosure proceedings. So our position is just those haven't been triggered. And when Wells Fargo, or if Wells Fargo, restarts that at the close of this litigation, then the protections of the Homeowner's Bill of Rights would be triggered, although we leave open right now what that would look like given the history of loan modifications in this case. But you're not delaying it for strategic reasons? Absolutely not, Your Honor. I mean, we're delaying it only because we were in a petition for judicial review process followed by litigation, and it's often the practice of the lender not to go forward with foreclosure proceedings while these kinds of court proceedings are ongoing. Do you represent Wells Fargo in all these? Nevada? I have in many of them. Yes. Sequelae? I have in many. And for, as I'm sure Your Honors can appreciate, for a long time, Nevada was quite, unfortunately, a hotbed of foreclosure, and the housing crisis hit Nevada very hard. How many more are there? Very few. And one of the things that I really thought about in preparing for this argument, and which, candidly, I don't have a great answer for, is the overlap of the foreclosure mediation program and the Homeowner's Bill of Rights because they do sort of overlap in a way that doesn't dovetail perfectly, but the best explanation I can come up with in light of the fact that there isn't really a set one out there in the case law or the literature is that the foreclosure mediation program has been sunsetted. It's still available for people who petitioned for it, but it's not running full course the way it was in the height of the housing crisis. Counsel, what's your response to the prior proceedings, the PFR proceedings in Nevada, and whether or not they have preclusive effect? We believe they have preclusive effect if you get past... I think if you stop at the duty question on the negligence issue, I don't think you have to get there, but I do think they have preclusive effect because all of the same issues were raised about the income levels, about the value of the property, the history of the loan modifications that Mr. Wankson has sought, and the district court in this case in the 2nd Judicial District of Nevada found as a matter of fact that Wells Fargo had participated in the mediation in good faith, and that's a factual finding that the Nevada Supreme Court has held is entitled to the same deference that any factual finding would get from a trial court, that would be afforded from a trial court. So that factual finding includes did Wells Fargo produce the documents it was required to produce in the foreclosure mediation? Did it offer a reasonable loan modification under the circumstances? And in our supplemental excerpts of record, I think at approximately pages 36 to 42, which include the petition for judicial review, Mr. Wankson has included all of the same denials, challenges to his income, challenges to the value of the property, I believe that he included here. So the issues very much overlap. That was a good faith finding, which arguably might not be the same exact as the negligence, but I think I just don't think you could consistently rule that Wells Fargo behaved in good faith in how it offered a loan modification and went through the mediation and at the same time failed to do so in this context. What about what does Nevada law say about a claim of negligence in this circumstance? As I think opposing counsel candidly acknowledge, there's no Nevada case that recognizes the duty of care. As is commonly the case unfortunately in Nevada, there's a little bit of a dearth of authority on some of this, but there are numerous Nevada, United States district court decisions on this issue that uniformly find no duty of care including in the loan modification context. So the banks traditionally remove the cases to federal court. Is that why there are so many more federal cases? Perhaps in some of these, but the petitions for judicial review were not removable. I think the only cases that get removed are when a petition for judicial review has concluded and the borrower brings a separate action. Then those are removed, but I believe all the petition for judicial review cases stay in state court. Do those district court cases say that Nevada would not follow California? I don't think they've engaged in that particular analysis. The closest I could get to a Nevada Supreme Court decision is the Davenport case, which is an unpublished decision that was released in 2014 where it cites with approval a district of Nevada case finding no duty of care between a lender and borrower. However, this court in a series of several unpublished dispositions from about 2016 or maybe 2014 to 2017 actually rejected the holding in Alvarez and held that loan modification is renegotiation of loan terms. It's arm's length. There's no duty of care under California law, recognizing that the California Supreme Court had not ruled on that particular question yet. You see Alvarez as kind of an isolated California Court of Appeal decision that doesn't really represent California law? Correct, Your Honor. I don't think it really got traction. And then the Jolly case, again, is just an apposite in that it is a construction loan case which this court distinguished in a case called Benson v. Ocwen, another unpublished disposition at 562 Federal Appendix 567, recognizing that these construction types of loans where the bank is actively involved in monitoring the construction and there were certain assurances made that were verging on promissory estoppel just weren't the same kind of loan modification at issue in a traditional lender-borrower context. If another site or two would be helpful, there's a J.P. Morgan case at 641 Federal Appendix 707 that said no duty of care in a loan modification. There's a few of these unpublished cases. And I know this appeal is a little bit more rife with unpublished dispositions than we would like it to be, but we found what we could in terms of available authority. But we don't consider ourselves experts in Nevada foreclosure law, I don't think. I'm sure the Nevada Bar is about as excited as the Washington Bar is when the Ninth Circuit decides what our law is. Well, if the Nevada Supreme Court gave us a few more cases, we wouldn't be in that predicament. Maybe we should certify questions of that. That would really get them mad. Yes. Well, as far as good faith and fair dealing goes, I think there's just no contract or even law that Wells Fargo has not acted consistently in the spirit of, especially in light of a state court decision making an explicit finding of good faith. And if your honors have no other questions, I'm happy to seat the rest of my time. Thank you, counsel. Hopefully this is the end of these plethora of cases. The values have rebounded. Exactly. I would just like to make a couple comments. The petition for judicial review was well, it did cite what the factual history was between them. It was really just looking at what went on within that mediation. That purely whether they showed up, the bank showed up, whether they had an appraisal, whether they acted in good faith. It wasn't overall looking at the entire history between the parties as to whether there was good faith. But what was the basis of the good faith finding then? The basis of a good faith finding was the participation in the mediation. That they show up, that they have a representative, that they meet all of those requirements. And that's what the petition for judicial review is all about. But they did an appraisal that met industry standards. Correct. That they came in with an appraisal. And that appraisal Was that one of the main complaints from Mr. Wings? Yes. The main complaint does have to do with the appraisal that came in. But that was when the bank at one point valued that property at $850,000 when they denied the petition for the loan modification. Right. But all of that was part of the good faith determination, wasn't it? No. I would suggest that the good faith determination was strictly with what went on within the mediation. It wasn't good faith as to Wells Fargo and the entire history. Anything that was brought into any information that was brought into the mediation? It doesn't extend to that? I do not believe that information actually came into the mediation. What it's really talking about, they came in with an appraisal of $600,000. And the reason, which Mr. Wings still felt was too high, and the reason for giving all of the other factual background is because the way the value of that property had gone in those appraisals didn't even begin to make sense. And that was what kind of the issue was. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court. That completes our calendar for the morning. We are on recess until 9 a.m. tomorrow morning. We're all in agreement on the start time. Again, my apologies. Thank everyone. You're welcome. Thank you.
judges: Schroeder, Rawlinson, Lasnik